DAVID FERGUSON, Appellant, v. J. H. LUX, Appellee.

EVIDENCE: Relevancy, Materiality, and Competency—Malicious De-
1  struction of Trees. On the issue whether defendant maliciously cut
down trees in which plaintiff is alleged to have had an interest,
evidence is admissible to show that plaintiff was hostile to the
continued existence of the trees, and that such hostility was com-
municated to defendant. Especially is this true when such offered
testimony is corroborative.

APPEAL AND ERROR: Estoppel to Object—Inconsistent Attitude.
2  A party may not object that his own theory of the measure of dam-
ages was submitted by the court.

APPEAL AND ERROR: Harmless Error—Non-right to Recover. Fail-
3  ure to instruct as to plaintiff's right to *treble* damages is quite
harmless, when the record and the finding of the jury reveal the
fact that plaintiff was not entitled to *single* damages.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

JUNE 23, 1922.

ACTION for damages, actual and exemplary, for the cutting
down of growing trees alleged to have been owned by plaintiff
and defendant as tenants in common. The exemplary damages
are claimed under the provisions of Code Sections 4303 to 4306,
inclusive. The defendant denied that the plaintiff had any
ownership or interest in the trees, and denied all malice. There
was a verdict for the defendant, and the plaintiff appeals.—
*Affirmed.*

*Brown McCrary* and *John F. Urbany,* for appellant.

*Lee & Robb,* for appellee.

EVANS, J.—The trees referred to in the pleadings were a
part of a row of walnut trees, running north and south, either
upon or parallel to the partition line between the farms of plain-

tiff and defendant. The plaintiff's farm lay to the east of such row of trees, and the defendant's farm to the west thereof. The contention of plaintiff was that the row of trees was upon the partition line, and that they had been recognized and acquiesced in as such by the respective landowners for more than ten years prior to the commencement of this suit. The contention for the defendant was that they were not on the partition line; that they were planted by the defendant's grantor west of the partition fence between the respective farms; and that they were never intended to represent the partition line. Evidence was introduced by the defendant, tending to sustain such contention. The errors assigned as grounds of reversal, though ten in number, are reducible in their subject-matter to three.

I.   Defendant's witness Chadd testified to a conversation had between himself and the plaintiff, Ferguson, wherein the plaintiff purported to complain of the row of trees in question, and wherein the plaintiff said that, if the trees were on his side of the line, he was going to cut them down, and if they were on Lux's side of the line, he wanted Lux to cut them down. Some time later, and before the cutting of the trees, this conversation was repeated to Lux. This evidence was objected to by the plaintiff, on the general ground that the defendant was not a party to the conversation nor in any manner bound thereby, and that, therefore, the plaintiff was not bound thereby. The court permitted the evidence. The ruling was right, if for no other reason than that it tended to rebut the charge of malice which was made by plaintiff. It was admissible for another reason. There was evidence in the record tending to show that, in a previous conversation between plaintiff and defendant, the plaintiff had expressed himself in like manner to the defendant himself. This the plaintiff denied, and denied, in effect, that he had ever been in a state of mind hostile to the trees. The testimony of Chadd was to some extent corroborative on this question. We find no error at this point.

1. EVIDENCE: relevancy, materiality, and competency: malicious destruction of trees.

II.   The plaintiff presented to the court three certain requested instructions. Two of them bore on the question of acquiescence in a partition line, and instructed the jury that,

if the line of these trees had been acquiesced in by the respective parties for ten years, it should be deemed the partition line, and the plaintiff should be deemed to have a right and interest in the trees; and that, if the defendant cut the same and converted them to his own use, this would be an element of damage to the plaintiff. The trial court refused the instructions in the form in which they were presented. The court gave on its own motion, however, the substance of the requested instructions, so far as they pertained to the question of acquiescence in the partition line. The court did not give that part of the requested instructions which referred to the conversion of the trees as a measure of damage. The measure of damage submitted in the instructions of the court was the difference, if any, in the value of plaintiff's farm before and after the cutting of the trees. The plaintiff complains of the measure of damages thus submitted by the court to the jury. The theory thus adopted by the trial court was the theory put forth by the plaintiff himself in the introduction of his evidence. On the question of measure of damage, he introduced the testimony of one witness only. This witness testified that the cutting of the trees depreciated the value of the plaintiff's 240-acre farm by $10 an acre: that is to say, that it was worth $310 per acre while the trees were growing, and $300 thereafter. Plaintiff offered no other proof of measure of damage. It did appear from the cross-examination of his witness that 26 trees were cut, and that he estimated them to be worth $100 apiece. The plaintiff now contends that this testimony required the court to submit to the jury the question of the value of such trees. The testimony thus given was given only in justification of the witness's valuation of the farm before and after. It was not put forward in any manner by the plaintiff as a measure of damage. The trial court, therefore, adopted in his instructions the very theory of measure of damage which the plaintiff himself put forward in his evidence, and he is in no position to complain.

III. The third requested instruction advised the jury that, if the defendant willfully and wantonly cut the trees in disregard of the plaintiff's rights, then he was liable for treble dam-

2. APPEAL AND ERROR: estoppel to object: inconsistent attitude.

**3. Appeal and error: harmless error: non-right to recover.** ages. The trial court refused this instruction, and gave no equivalent. If there was any error at this point, it was wholly without prejudice; because, under the finding of the jury, the plaintiff suffered no damage whatever. He could not, therefore, be prejudiced by a failure of the jury to treble his damages. The evidence tended strongly to show that the plaintiff had no right whatever in the walnut trees; that, when these trees were planted by the grantor of Lux, the farms were separated by a partition wire fence; that the trees were planted parallel. thereto and west thereof; that, prior to the building of such wire fence, there had been a row of willows running parallel therewith and slightly east thereof; that, at the time of the building of the fence, the willows were removed; that, in the course of time, the fence posts rotted, and some of the wires were nailed to the walnut trees for the first time in the year 1914. There was also testimony tending to show that the trees as located were damaging to both farms, and that plaintiff himself had complained thereof. The jury, therefore, must have found either: (1) That, even if the trees had been upon the line, the plaintiff was not damaged by their removal; or (2) that the trees belonged wholly to the defendant, and were not upon the partition line.

Upon either theory, or upon both, the failure to submit the question of exemplary damages could not have been prejudicial to the plaintiff. We find no error in the record, and the judgment below is—*Affirmed.*

Stevens, C. J., Arthur and Faville, JJ., concur.